OPINION
{¶ 1} Appellant, Rodney Turner, appeals the January 5, 2004 judgment entry of the Conneaut Municipal Court, in which he was found guilty of domestic violence and criminal damaging and was sentenced.
 {¶ 2} On March 18, 2003, a complaint was filed in the Conneaut Municipal Court charging appellant with one count of domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A), and two counts of criminal damaging, first degree misdemeanors, in violation of R.C.2909.06(A)(1). At his initial appearance on August 4, 2003, appellant appeared in court without counsel and entered a plea of not guilty to the charges. A bench trial took place on December 2, 2003. Appellant represented himself.
 {¶ 3} Gayle Downes-Turner ("Gayle") took the stand and testified that she was married to appellant. On March 15, 2003, the two had been separated for two to three weeks. On that date, appellant came to the residence where they resided together. Earlier that week, Gayle told appellant the he could pick up his disk jockey equipment. Gayle recalled waking up at 7:00 a.m. or 7:30 a.m. and seeing appellant in her driveway. About an hour or two later, he started banging on the door, so she let him in. She assumed appellant was there to retrieve his stereo equipment. However, appellant began playing with his PlayStation and "laid down on the bed and was relaxing."
 {¶ 4} Gayle and appellant began to converse about the purchase of a new car and placing the Oldsmobile that appellant had co-signed for on the bankruptcy she had filed. Gayle related that the conversation got "very heated," so she stood up and asked appellant to get his things and leave. When he refused, Gayle went to the telephone located in the bedroom on a nightstand to call the police. However, appellant "immediately ran around the side of the bed and grabbed the phone," and she could not make the phone call. Gayle stated that appellant was hovering over her so she crouched on the bed in a fetal position, and appellant started beating her.
 {¶ 5} Gayle testified that, at first, appellant was hitting her with the phone, "he was beating [her] in the head, in the shoulders and the neck with that and then when [the phone] flew out of his hand, that's when he grabbed the lamp." She recalled being struck with the phone and the lamp at least a dozen times.
 {¶ 6} Gayle stated that she did not retaliate, but instead began screaming for her daughter, Diante Downes ("Diante"). Appellant put his hand over her mouth. Diante came to the bedroom, started yelling at appellant, and hovered over her mother in an effort to prevent appellant from hurting her. Appellant finally stopped, and Gayle ran downstairs to use the telephone, but appellant yanked the phone off the wall. Diante called 9-1-1 with her cellular phone. Appellant left the home, and Gayle heard a big crash. When she looked out of the window, the city's "no parking" sign had been knocked down and bent. Gayle also testified that her lamp was totally destroyed. She explained that she had purchased it prior to her marriage with appellant.
 {¶ 7} Diante took the stand and related that she was in the bathroom when her mother's conversation with appellant started to get louder. She heard her mother scream and went to the bedroom. When Diante entered the bedroom, she saw Gayle crouched on the bed "in a fetal position with [appellant] over top of her standing next to the bed." She recalled that appellant was hitting Gayle. She got on the bed and tried to shield her mother. Appellant finally stopped hitting Gayle, but continued to yell at her. Dainte then called 9-1-1. Diante also stated that after appellant left the house, she heard squealing tires and a crash. She noticed that the sign that was in the front of the driveway had been knocked to the ground.
 {¶ 8} Appellant took the stand in his own behalf. He related that on March 12, 2003, his parents received a note saying that appellant could go to Gayle's house and take the television and stereo equipment. As a result, on March 15, 2003, he went to Gayle's home. He testified that the two of them talked and then Gayle informed him that she was going to file for a divorce. He stated that that was fine with him. Appellant then claimed that Gayle said she needed some cigarettes. Appellant gave her money, so she could also get him cigarettes. When Gayle returned, he took the cigarettes, picked up the television, and got ready to leave the room.
 {¶ 9} According to appellant, Gayle began discussing the purchase of another car. Gayle asked him if he would help her with the payments, and appellant said no. All of a sudden, there were two blows. Appellant indicated that Gayle struck him on the side of the head with the phone. She then hit him in the shoulder with the lamp. Appellant testified that he took the lamp out of Gayle's hand and hit her back.
 {¶ 10} In an entry dated December 2, 2003, the trial court found appellant guilty of the charges. A sentencing hearing took place, and in an entry dated January 5, 2004, appellant was sentenced to one hundred eighty days in jail and given five years of supervised probation for each of the three charges. The terms were to run consecutively. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 11} "[1.] The trial court erred in not considering minor misdemeanor disorderly conduct under [R.C.] 2917.11(A) as a lesser included offense of domestic violence under [R.C.] 2919.25(A).
 {¶ 12} "[2.] Appellant's convictions for criminal damaging in violation of [R.C.] 2909.06 are neither supported by sufficient evidence nor are they supported by the manifest weight of the evidence."
 {¶ 13} For his first assignment of error, appellant argues that the trial court erred in not considering minor misdemeanor disorderly conduct as a lesser included offense of domestic violence.
 {¶ 14} Preliminarily, we note that since appellant never raised this issue of the lesser included offense at the trial, it is waived. Nevertheless, in the interests of justice we will briefly address the merits of appellant's argument.
 {¶ 15} The present case was a bench trial, and unlike a jury, which must be instructed on the applicable law, a trial court judge is presumed to know the applicable law and apply it accordingly. State v. Eley (1996), 77 Ohio St.3d 174, 180-181. Here, the trial court heard all of the evidence, including appellant's testimony that he hit Gayle with the lamp after she had struck him.
 {¶ 16} A criminal defendant is entitled to a charge on a lesser included offense only where the evidence warrants it.State v. Kidder (1987), 32 Ohio St.3d 279, 280. However, since the trial court is presumed to know the law and apply it accordingly, it is presumed that the trial court considered all of the lesser included offenses warranted by the evidence and concluded that appellant's acts constituted the most severe offense charged. There is no indication that the trial court, as the fact-finder, did not consider the evidence and determine that appellant had committed the offense of domestic violence rather than the lesser-included offense of minor misdemeanor disorderly conduct. Appellant's first assignment of error lacks merit.
 {¶ 17} Under his second assignment of error, appellant alleges that his convictions for criminal damaging were not supported by sufficient evidence and are against the manifest weight of the evidence.
 {¶ 18} When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial to decide whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 4. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307.
 {¶ 19} To convict appellant of criminal damaging, the prosecution was required to prove beyond a reasonable doubt that he knowingly caused or created a substantial risk of physical harm to any property of another without the other person's consent. R.C. 2909.06. After reviewing the record, this court concludes that there was sufficient evidence to convict appellant.
 {¶ 20} Although there was conflicting testimony, under the plain language of the ordinance, appellant could have been found guilty of criminal damaging if the court found that he either caused actual damage or created a substantial risk of damage. The prosecution presented evidence by way of Gayle's and Diante's testimony that appellant struck Gayle with the lamp several times. Further, there was circumstantial evidence through the testimony of Gayle and Diante that when appellant left Gayle's house, he knocked down the city's "no parking" sign, causing actual damage to the property. Diante testified that when appellant left the house, she heard a crash and noticed that the sign in front of the driveway had been knocked down. Hence, there was an adequate basis to support the trial court's conclusion that appellant committed criminal damaging.
 {¶ 21} When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175; State v. Thompkins (1997), 78 Ohio St.3d 380,387.
 {¶ 22} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph two of the syllabus.
 {¶ 23} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact."State v. Awan (1986), 22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v. Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 WL 286594, at 3. If the evidence is susceptible to more than one interpretation, this court must interpret it in a manner consistent with the verdict. Id.
 {¶ 24} Gayle and Diante testified that on the morning of March 15, 2003, appellant took a telephone and a lamp and beat Gayle with them. A short time later, appellant left the home and knocked down a city sign with his van. In response to this testimony, appellant admitted that there was an incident on the day in question and that he did strike Gayle with a lamp. However, he claims he hit her after she began hitting him.
 {¶ 25} The trial court was clearly in the best position to view the witnesses and determine their credibility. Obviously, the court ultimately believed that Gayle and Diante were more credible than appellant, and there is nothing to suggest that their testimony was incredible or absurd. Accordingly, this court will not disturb those findings on appeal as the credibility of each witness was a critical issue for the trier of fact to determine. State v. Ready (2001), 143 Ohio App.3d 748. Accordingly, appellant's second assignment of error has no merit.
 {¶ 26} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Conneaut Municipal Court is affirmed.
Christley, J., O'Neill, J., concur.