DECISION AND JUDGMENT ENTRY
{¶ 1} Frank Thacker appeals his conviction for aggravated menacing following a bench trial. He contends that his conviction is against the manifest weight of the evidence because the state's evidence was not credible and because the victim could not have believed that he would cause her serious physical harm. Since the state presented evidence from the victim and a witness that Thacker revved up his engine and drove by the victim so closely that he pinned her against her vehicle, Thacker's conviction is not against the manifest weight of the evidence. Nothing in the record indicates that the witnesses' testimony was so wholly lacking in credibility that the trier of fact created a manifest miscarriage of justice by convicting Thacker.
 {¶ 2} Thacker further asserts that the record does not contain sufficient evidence to support his conviction because the facts indicate the incident may have been accidental rather than intentional (knowingly). However, in addition to evidence concerning physical contact with the victim, the state presented evidence that the incident arouse out of a heated exchange and that Thacker was angry and aggressive. This evidence is sufficient to allow an inference of intent.
 {¶ 3} Finally, Thacker claims that the trial court should have found him guilty of a lesser included offense. First, Thacker failed to ask the court to consider any lesser included offenses, and, therefore, he has waived the issue. Second, because the evidence fully supports a conviction on the greater offense, the trial court had no duty to find him guilty of a lesser offense. Consequently, we affirm the court's judgment.
 {¶ 4} After the state charged Thacker with aggravated menacing, the court held a bench trial. Lawrence County Sheriff's Deputy Randall Rogers testified that he responded to Priscilla Kay Bocook's complaint that Thacker "push[ed] her with his car." Bocook told Deputy Rogers that she felt sore.
 {¶ 5} Bocook explained the circumstances leading up to the incident. She stated that her truck "died" as she was stopped at a stop sign. Thacker approached from behind, stopped behind her vehicle, and began yelling "move that fuckin' truck." Thacker yelled again "move that fuckin' truck or I'm gonna move it for ya." Her friend told Thacker to drive around and Thacker "said [he's] turning right there, move that fuckin' truck." Bocook "motion[ed] for him to go around and he's hollering `you fuckin' bitch, I said move that fuckin' truck.' He kept hollering it. And yelling, `you don't move it I'm gonna move it for ya.'" She said he then exited his vehicle and approached her. "He kept going `you fuckin' fat bitch, I said move that truck.' And he kept calling me a fuckin' fat bitch. And I said, `well you're a mother fucker.' And so I turned around and went to my side of the [vehicle]. He hollered, `I said move that fuckin' truck or I'm gonna move it for you.'" After more pleasantries were exchanged, Thacker returned to his vehicle and he "revved it." Bocook thought he was going to hit her or the back of her vehicle. She stated: "And so when I got to my back door, honey, he revved that motor up and I mean he come up to me and pressed me with his truck. He literally put my body up against my vehicle. I had to strain my head to keep from his mirror ripping my face off."
 {¶ 6} Angela Ruggles, Bocook's friend who witnessed the incident, testified that when Thacker drove his vehicle by she "thought he was gonna run over [Bocook], and he put her way up to where she was like smashed against her vehicle." She stated that his vehicle touched Bocook's stomach and that it appeared Thacker did it intentionally.
 {¶ 7} Thacker offered a different version of the incident. Thacker stated that when he pulled up behind Bocook's vehicle, he sat there for a few seconds; she did not move; he honked the horn; she still did not move; he sat some more; and he then honked the horn again. Thacker stated that Ruggles motioned for him to drive around Bocook's vehicle. He told her that he needed to turn right and Ruggles continued talking to Bocook. Thacker continued to sit there and honk the horn. Ruggles told him that Bocook's vehicle had broken down. Thacker "asked her if she wants it pushed out of the road." Bocook then exited her vehicle and he exited his. "[S]he started pointing her finger at me and said, `Frank Thatcher if you come near me I'll have you arrested' and at that point I said, `you fat fuckin' bitch' and then I turned around and started back towards my vehicle, and got in my vehicle and backed up because it was running there in the intersection there and I was making a right turn and I got up in my vehicle and backed up and went around." Thacker claimed that his vehicle never touched her vehicle or her body.
 {¶ 8} The court subsequently found Thacker guilty of aggravated menacing. It specifically stated: "The court having considered the evidence finds the witnesses offered by the state to be more credible and compelling in their testimony than the defendant's."
Thacker timely appealed and assigns the following errors: "FirstAssignment of Error: Defendant-Appellant Frank Thacker's conviction was against the manifest weight of the evidence. Second Assignment of Error: The state failed to produce sufficient evidence to sustain a conviction of the charge of aggravated menacing. Third Assignment of Error: The trial court erred in finding defendant guilty of aggravated menacing and in not finding defendant guilty of lesser included offenses.
 I {¶ 9} In his first assignment of error, Thacker argues that his aggravated menacing conviction is against the manifest weight of the evidence because (1) the victim's testimony was not credible, (2) the evidence does not show that he hit the victim with his vehicle, and (3) the victim, because she also was aggressive, did not reasonably believe that Thacker would cause her serious physical harm.
 {¶ 10} Our function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. We sit, essentially, as a "thirteenth juror." Id. We must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id., citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. If we find that the fact finder clearly lost its way, we must reverse the conviction and order a new trial. Id. On the other hand, we will not reverse a conviction so long as the state presented substantial evidence for a reasonable trier of fact to conclude that all of the essential elements of the offense were established beyond a reasonable doubt. Statev. Getsy (1998), 84 Ohio St.3d 180, 193-94, 702 N.E.2d 866; State v.Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus. In conducting our review, we are guided by the presumption that the fact-finder "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 11} R.C. 2903.21(A) sets forth the essential elements of aggravated menacing: "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person * * *."
 {¶ 12} In this case, the state presented substantial evidence to allow a reasonable fact finder to conclude that all elements of aggravated menacing had been established beyond a reasonable doubt. The evidence shows, at a minimum, that Thacker drove his vehicle close enough to the victim to lead her to believe that he would hit her or that he did, in fact, hit her. Hitting another person with a vehicle certainly would cause a person to believe that serious physical harm could result. While Thacker points to supposedly contradictory testimony and claims that the victim is not truthful, we find nothing in the record to demonstrate that the trial court clearly lost its way when evaluating the evidence and assessing witness credibility.
 {¶ 13} Accordingly, we overrule Thacker's first assignment of error.
 II {¶ 14} In his second assignment of error, Thacker asserts that the record does not contain sufficient evidence to support his aggravated menacing conviction. Thacker argues that because both he and the victim engaged in an argument and used foul language, he could not have knowingly caused the victim to believe that she would suffer serious physical harm. He again asserts that the evidence does not show that he hit the victim with his vehicle and that if he did, it "could have occurred accidentally." These arguments are baseless.
 {¶ 15} When reviewing the sufficiency of the evidence, an appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 16} As we stated under Thacker's first assignment of error, the state presented more than sufficient evidence to support Thacker's aggravated menacing conviction. The evidence shows that after an argument with the victim, Thacker returned to his vehicle, revved it up, started driving, and drove his vehicle close enough to the victim to hit her. Given the profanity and shouting that occurred, along with testimony that Thacker was extremely agitated, the court could reasonably infer that Thacker acted knowingly rather than accidentally.[1] Hitting her with the vehicle had the potential to cause serious physical harm and could have led the victim to believe that serious physical harm would result, regardless of her combative nature.
 {¶ 17} Accordingly, we overrule Thacker's second assignment of error.
 III {¶ 18} In his third assignment of error, Thacker argues that the trial court should have found him guilty of a lesser offense, such as menacing, disorderly conduct, or operating a vehicle in willful or wanton disregard of the safety of persons or property.[2] Because Thacker never asked the trial court to consider any lesser included offenses, he has waived the issue. See State v. Turner, Ashtabula App. No. 2004-A-5,2004-Ohio-5632, at ¶ 14. Assuming he had not, we nonetheless find no merit to his argument.
 {¶ 19} Here, the court held a bench trial, and unlike a jury, which must be instructed on the applicable law, a trial judge is presumed to know the applicable law and apply it accordingly. See id. (citing Statev. Eley (1996), 77 Ohio St.3d 174, 180-181, 672 N.E.2d 640). Because we presume that the trial judge knew the applicable law and applied it accordingly, we also presume that the judge considered any lesser included offenses but concluded that Thacker's conduct constituted the greater offense. See id.
 {¶ 20} In this case, even if all of the above offenses are lesser included offenses of aggravated menacing, the trial court appropriately found Thacker guilty of the greater offense. As we have already discussed, the evidence supports his aggravated menacing conviction. While it also may support a conviction under one of the lesser included offenses, the trial court was under no duty to find Thacker guilty of a lesser offense when the evidence presented at trial fully supported a conviction on the greater offense.
 {¶ 21} Accordingly, we overrule Thacker's third assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2901.22(B) defines "knowingly": "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
[2] R.C. 2917.11 defines the offense of disorderly conduct: "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person; (3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response; (4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender; (5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."
R.C. 2903.22 defines menacing: "(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
R.C. 4511.20 sets forth the offense of operating a vehicle in willful or wanton disregard of the safety of persons or property: "(A) No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."