[Cite as *State v. Dear*, 2014-Ohio-5104.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-298 |
| v. | : | (C.P.C. No. 13CR07-4039) |
| Kassim D. Dear, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Thompson Steward, LLC*, and *Lisa F. Thomspon*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Kassim D. Dear, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

I. Factual and Procedural Background

{¶ 2} On July 29, 2013, a Franklin County Grand Jury indicted appellant for one count of felonious assault, in violation of R.C. 2903.11. The count alleged that appellant knowingly caused physical harm to Denise Morgan. The charge arose out of a fight that occurred at a hospital where appellant and other family members, including Morgan, gathered after the death of another family member. Appellant entered a not guilty plea and proceeded to a bench trial.

{¶ 3} Morgan testified about the events that occurred at the hospital. In brief, a large number of family members gathered at a hospital after a family member died. Tensions were high and Morgan got into a fight with three female relatives. Appellant came to the scene of the fight and punched Morgan several times. One of his punches broke her nose and another broke her finger.

{¶ 4} The trial court found appellant not guilty of felonious assault, but guilty of aggravated assault and sentenced him accordingly.

## II. Appellant's Appeal

{¶ 5} Appellant appeals his conviction and assigns the following error:

> The trial court erred, as a matter of law, when it convicted Kassim Dear of Aggravated Assault because that conviction was an inconsistent response to a single count indictment.

{¶ 6} In his lone assignment of error, appellant contends that the trial court's guilty verdict[1] of aggravated assault was inconsistent with its not guilty verdict of felonious assault. We disagree.

{¶ 7} Appellant was indicted for felonious assault, in violation of R.C. 2903.11(A)(1), which provides, in pertinent part, that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn."

{¶ 8} Aggravated assault is defined in R.C. 2903.12, which provides in relevant part:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another.

{¶ 9} The offenses of aggravated assault and felonious assault are comprised of the same elements, except aggravated assault contains the mitigating circumstance of serious provocation. Accordingly, aggravated assault is an inferior offense of felonious

---

[1] For clarity, we note that a "verdict" is only rendered after a trial by jury. *State v. Fisher*, 3d Dist. No. 2-10-09, 2010-Ohio-5192, fn. 3, citing Crim.R. 31. After a bench trial, the trial court makes a general finding. Crim.R. 23(C).

assault.[2]  *State v. Williams*, 8th Dist. No. 98210, 2013-Ohio-573, ¶ 21; *State v. Stewart*, 10th Dist. No. 10AP-526, 2011-Ohio-466, ¶ 7.  In other words, aggravated assault involves the same conduct as felonious assault but its nature and penalty are mitigated by provocation.  *State v. Miller*, 10th Dist. No. 10AP-632, 2011-Ohio-952, ¶ 30.

{¶ 10} Appellant does not explain why the verdicts are inconsistent and there is nothing inherently inconsistent between them.  *Id.* at ¶ 33 (no inconsistency where defendant found not guilty of felonious assault but guilty of aggravated assault after jury properly instructed on the two offenses).  Instead, he cites two cases from the Ninth District which reversed aggravated assault convictions.  *State v. Bosley*, 9th Dist. No. 15547 (Oct. 7, 1992), and *State v. Elton*, 9th Dist. No. 22446, 2005-Ohio-5179.  Appellant's reliance on those cases is misplaced.

{¶ 11} In each of those cases, the defendant was charged with one count of felonious assault but was ultimately convicted of aggravated assault.  In both cases, however, the Ninth District reversed those convictions based on erroneous jury instructions.  The *Bosley* and *Elton* decisions are not relevant here because appellant was found guilty after a bench trial.  Thus, there are no erroneous jury instructions.  Moreover, a trial judge is presumed to know the applicable law and apply it accordingly.  *State v. Thacker*, 4th Dist. No. 04CA12, 2005-Ohio-1057, ¶ 19, citing *State v. Eley*, 77 Ohio St.3d 174, 180-81 (1996).  Therefore, at a bench trial, we presume that the trial court properly considered the appropriate inferior and lesser-included offenses and defenses.  *See State v. Perez*, 8th Dist. No. 91227, 2009-Ohio-959, ¶ 61; *In re D.L.B.*, 12th Dist. No. CA2011-09-019, 2012-Ohio-3045, ¶ 22.

{¶ 12} Finally, to the extent appellant argues the trial court had to specifically find appellant was seriously provoked, we disagree.  Crim.R. 23(C) provides that, in a case tried to the bench, the trial court shall make a general finding, i.e., guilty or not guilty.  *State v. Kimmel*, 3d Dist. No. 16-10-06, 2011-Ohio-660, ¶ 27 (Rogers, P.J., concurring); *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 26.  Thus, the trial court's general finding of guilty complied with this rule and is not error.  *State v. Ham*, 3d Dist. No. 16-09-01, 2009-Ohio-3822, ¶ 37; *State v. Lantz*, 5th Dist. No. 01 CA 38, 2002-Ohio-

---

[2]  Convictions for an offense of an inferior degree of an indicted offense are proper.  Crim.R. 31(C).

3838, ¶ 31 (no requirement that trial court make specific findings as to the elements of an offense).

## III. Conclusion

{¶ 13} The trial court did not err by finding appellant not guilty of felonious assault, but guilty of aggravated assault.  Accordingly, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

———————————