[Cite as *State v. Christian*, 2021-Ohio-3737.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110310 |
| v. | : | |
| ANTHONY CHRISTIAN, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 21, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-642849-A and CR-20-650941-B

---

### *Appearances:*

Michael O'Malley, Cuyahoga County Prosecuting Attorney, and Lisa J. Turoso, Assistant Prosecuting Attorney, *for appellee.*

Rick L. Ferrara, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Anthony Christian ("Christian"), appeals from his conviction and sentences and assigns three errors for our review. Christian does not show prejudice from any claimed ineffective assistance of counsel, his conviction is not against the manifest weight of the evidence and Christian cannot show, by

clear and convincing evidence, that the trial court erred in sentencing him to consecutive sentences. We affirm the judgment of the trial court.

## I. Factual and Procedural Background

{¶ 2} This case arises from two separate criminal prosecutions. The first is CR-19-642849 in which Christian was indicted for felonious assault and domestic violence ("domestic violence prosecution"). Christian pleaded guilty to an amended count of attempted felonious assault as well as domestic violence and was sentenced to five years of community control on each count on January 14, 2020.

{¶ 3} The second case, CR-20-650941, was initiated on July 30, 2020 when a Cuyahoga County Grand Jury indicted Christian for one count of having weapons while under disability ("weapons prosecution"). This case was tried to the court.

{¶ 4} The state of Ohio presented only one witness, Cleveland Police Detective James Crivel, who testified that, on May 27, 2020, he was called to 4902 Outhwaite to investigate the shooting of Deandre Davis ("Davis") and testified to the investigation of that shooting. The state of Ohio also presented a certified journal entry of the appellant's prior conviction for a crime of violence, to-wit: attempted felonious assault.

{¶ 5} In the course of his investigation, Crivel found, and retrieved, video surveillance footage from multiple video cameras in the area of the shooting.

{¶ 6} One of the videos, exhibit No. 2, shows Davis walking westbound on the sidewalk on Outhwaite as two vehicles approach, traveling eastbound. The first vehicle was a Jeep and the second, a black Chevrolet Malibu. The Malibu stopped,

and a passenger, later identified as Christian, exited the vehicle and walked towards Davis. A moment later, the Jeep stopped and an occupant, later identified only as "Shy," the brother of a man named Elijah ("Eli"), exited that vehicle, walked to the sidewalk and shot Davis in the eye. After the shooting, both Christian and "Shy" returned to the respective vehicles from which they had earlier exited and left the scene.

{¶ 7} Crivel learned that the Malibu was a rental car and that it had been rented to a female who identified Christian as the passenger who got out of the Malibu at the scene. Christian was arrested and interviewed by Crivel. That interview was recorded on Crivel's city-issued body cam and admitted as exhibit No. 1 at trial.

{¶ 8} During the interview, Christian related that the precipitating event that led to this incident was that Davis, his cousin, had stolen a firearm owned by "Eli" and that Eli's brother, "Shy," was trying to retrieve that firearm. Christian, for his part, tacitly acknowledged that he was in possession of a firearm but claimed that he was going to try and persuade Davis to return the firearm and was trying to "defuse" the situation. Additionally, Christian stated that he brought a firearm "cause the dudes we over there with, they beefing with us. They try to kill me."

{¶ 9} The court found Christian guilty of the sole charge in the indictment.

{¶ 10} On February 9, 2021, the trial court conducted both a sentencing hearing for the weapons prosecution as well as a hearing to impose sanctions for violation of community control in the domestic violence prosecution.

**{¶ 11}** At that hearing, the trial court revoked Christian's community control sanctions in the domestic violence prosecution and imposed a sentence of 24 months on Count 1 and 16 months on Count 2 to run concurrent with each other, but consecutive to an 18-month sentence in the weapons prosecution.

**{¶ 12}** Christian appeals and assigns three errors for our review arising out of both prosecutions.

## II. Law and Analysis

Assignment of Error I: DEFENSE COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO RAISE A DEFENSE TO THE CHARGE OF HAVING WEAPONS WHILE UNDER DISABILITY.

**{¶ 13}** Ohio Courts use a two-step process to resolve an appellant's claim that his counsel provided ineffective assistance.

First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.

*State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989).

**{¶ 14}** Due to recent statutory amendments, "'the burden of proof for the affirmative defense of self-defense has shifted to the state, [but] the burden of production for all affirmative defenses, including self-defense, remains with the defendant.'" *Fairview Park v. Peah*, 8th Dist. Cuyahoga No. 110128, 2021-Ohio-2685, ¶ 46, quoting *State v. Messenger*, 10th Dist. Franklin No. 19AP-879, 2021-Ohio-2044, ¶ 44. Once the defendant has satisfied the burden of production, then

"the state [only needs to] disprove one of the elements of self-defense beyond a reasonable doubt at trial to sustain its burden at trial." *State v. Walker*, 8th Dist. Cuyahoga No. 109328, 2021-Ohio-2037, ¶ 13.

{¶ 15} A defendant may raise a claim of self-defense against prosecution for possession of having weapons while under disability. "We therefore hold that the prohibitions of the Ohio Revised Code do not restrict the right of an individual under disability from acting in self-defense, when he did not knowingly acquire, have, carry or use a firearm previously." *State v. Hardy*, 60 Ohio App.2d 325, 330, 397 N.E.2d 773 (8th Dist.1978). However, this defense is limited to the defense of one's self. "We have found no authority in Ohio, or from any other jurisdiction for that matter, extending such an exception to the protection of others. Nor are we inclined, under the facts of the present case, to recognize such an exception." *State v. Fryer*, 90 Ohio App.3d 37, 43, 627 N.E.2d 1065 (8th Dist.1993).

{¶ 16} Christian is unable to show prejudice from any alleged deficiency by trial counsel. "[U]nlike a jury, which must be instructed on the applicable law, a trial court judge is presumed to know the applicable law and apply it accordingly." *State v. Turner*, 11th Dist. Ashtabula No. 2004-A-0005, 2004-Ohio-5632, ¶ 15. Accordingly, we presume that the court below was fully aware of the law of self-defense and, even if it were not argued, the trial would have considered that in her deliberations. The self-defense exception to the charge of having weapons while under disability is an extremely narrow exception.

{¶ 17} In addition to limiting this defense to a defense of self only, this court has recognized that "'the self-defense exception does not apply in circumstances where the defendant had possession of the weapon prior to the incident giving rise to the charges or in anticipation of a confrontation.'" *State v. Kyle*, 8th Dist. Cuyahoga No. 108702, 2020-Ohio-3281, ¶ 34 quoting *State v. Armstrong*, 8th Dist. Cuyahoga No. 103423, 2016-Ohio-2842, ¶ 25.

{¶ 18} Christian's possession of the firearm before traveling in a car to the scene of the anticipated altercation negates a claim for self-defense even if we were to accept, for purposes of this appeal, that Christian took control of the weapon immediately prior to traveling to the scene of the crime. *See State v. Martin*, 8th Dist. Cuyahoga No. 63153, 1993 Ohio App. LEXIS 4660, 9 (Sept. 30, 1993) (notwithstanding individuals previously shooting defendant's house and burning his wife's car, defendant did not take possession of the firearm with little time to think or to avoid a life-threatening situation). Here, as in the *Martin* case, the fact that Christian had possession of the firearm well before the exigency arose, negates the existence of a claim for self-defense.

{¶ 19} Appellant has not demonstrated that he was prejudiced by the failure of counsel to raise a defense to the charge of having weapons while under disability. We overrule Christian's first assignment of error.

> Assignment of error II: THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT WARRANT CONVICTION ON ANY COUNT.

{¶ 20} A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a "thirteenth juror" and may disagree "with the factfinder's resolution of * * * conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1977), citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the witnesses' credibility and determine whether, in resolving conflicts in the evidence, the trier of fact "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 21} We agree with Christian that the video produced by the state does not definitively show him in possession of a firearm. There is a single frame in the video that appears to show a firearm in Christian's right hand. The video is consistent with the fact that Christian may have had a firearm but does not establish that the firearm is a working weapon.

{¶ 22} However, when asked by Detective Crivel why he brought a gun to see Davis, Christian stated he brought a firearm "cause the dudes we over there with, they beefing with us. They try to kill me." In context, Christian statement confirms

that he had a firearm in his possession, implied that the firearm was in working order and that he intentionally brought the firearm to a potential confrontation.

{¶ 23} Accordingly, we recognize that self-defense was not raised at trial, but we cannot say that the trial court's verdict was against the manifest weight of the evidence either in finding that Christian had possession of a firearm or in not finding that Christian was justified by a claim for self-defense. We overrule Christian's second assignment of error.

Assignment of error III: THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BETWEEN BOTH CASE NUMBERS.

{¶ 24} Christian's final argument is that the imposition of consecutive sentences here is disproportionate to the offenses. "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and [must] modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings * * *.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶ 25} Christian contends that the trial court erred insofar as it determined that the conviction of having weapons while under disability was the most serious offense. Further, Christian contends that all mitigating factors favored him and no aggravating factors were present.

{¶ 26} Both attempted felonious assault and having weapons while under disability are felonies of the third degree. Given that the charged conduct in having

weapons while under disability involved Christian bringing a firearm to the scene of a shooting, we cannot say that the record clearly and convincingly shows that the trial court erred in concluding that this charge was the most serious offense.

{¶ 27} Christian has not shown by clear and convincing evidence that the trial court erred in sentencing him to consecutive sentences in the weapons prosecution and the domestic violence prosecution. We overrule Christian's third assignment of error.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR