DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Steven L. Elton, appeals from his conviction in the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} Appellant was indicted on the following counts: one count of attempted murder in violation of R.C. 2903.02(A)/2923.02; one count of felonious assault in violation of R.C. 2903.11(A)(2); one count of having weapons while under disability in violation of R.C. 2923.13(A)(2); and, one count of tampering with evidence in violation of R.C. 2921.12(A)(1). Both the felonious assault and attempted murder counts included firearm specifications. At trial, the jury was also permitted to consider aggravated assault as a lesser included offense of felonious assault.
 {¶ 3} Following a jury trial, appellant was found not guilty of attempted murder, felonious assault, and tampering with evidence. In addition, the jury found appellant guilty of aggravated assault with a firearm specification and having weapons while under disability. Following sentencing, appellant timely appealed, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S WRITTEN MOTION FOR ACQUITTAL."
 {¶ 4} Appellant's first assignment of error asserts that the trial court erred in denying his motion for acquittal. This Court finds that appellant's assignment of error lacks merit.
 {¶ 5} Appellant has not argued his first assignment of error separately as required by App. R. 16(A)(7). In addition, appellant has not provided "the reasons in support of [his] contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App. R. 16(A)(7). Accordingly, "[i]f an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 18673. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN ITS JURY INSTRUCTION THAT THE JURY WAS TO CONTINUE TO DETERMINE IF APPELLANT WAS GUILTY OF AGGRAVATED ASSAULT IF IT FOUND THAT HE WAS NOT GUILTY OF FELONIOUS ASSAULT."
 {¶ 6} In his second assignment of error, appellant contends that the trial court committed plain error when it permitted the jury to consider the charge of aggravated assault following a determination that appellant was not guilty of felonious assault. In its brief, the State has conceded that the trial court erred and this Court agrees.
 {¶ 7} In the instant case, the trial court instructed the jury as follows:
"However, if you find that the State failed to prove beyond a reasonable doubt all of the essential elements of felonious assault, then your verdict must be not guilty of that offense; and in that event, you will continue your deliberations to decide whether the State has proved beyond a reasonable doubt all the essential elements of an offense lesser than that charged in the indictment, in this situation, aggravated assault."
Appellant did not object to this jury instruction, so this Court cannot reverse unless plain error is found in the proceedings below. Crim. R. 52(B); Crim. R. 30(A). See, also, State v. Grubb, 9th Dist. No. 22414,2005-Ohio-3798, at ¶ 5.
 {¶ 8} When confronted with these identical facts, this Court has previously held that the resulting inconsistent verdict constitutes plain error. See State v. Bosley (Oct. 7, 1992), 9th Dist. No. 15547. Our holding was based upon the fact that aggravated assault was a crime of inferior degree, not a lesser included offense of felonious assault.State v. Deem (1988), 40 Ohio St.3d 205, 210-211. That is, the elements of both crimes are identical, but the jury may be instructed on aggravated assault when sufficient evidence of provocation is presented. Id. In the instant matter,
"before the jury could find [appellant] guilty of aggravated assault, it [had] to find that the State failed to prove some element of felonious assault. But, because these offenses contain the same elements, such a result is inconsistent. * * * The result is that under the jury charge in this case, the jury gave inconsistent verdicts in finding [appellant] not guilty of felonious assault, yet guilty of aggravated assault. While an inconsistency in a verdict does not arise by inconsistent responses to different counts, an inconsistent response to the same count requires reversal." (Citations omitted.) See, Bosley, supra.
Accordingly, appellant's second assignment of error is sustained.[1]
 III. {¶ 9} Appellant' first assignment of error is overruled and his second assignment of error is sustained. Appellant's convictions for aggravated assault and the accompanying gun specification are reversed. The sentence imposed for appellant's aggravated assault conviction and the gun specification are vacated and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J. Whitmore, J. concur.
[1] This Court notes that appellant argues that this matter should not be remanded to the trial court. However, appellant raised the issue of double jeopardy for the first time during oral argument and has offered no support for his contentions. See App. R. 16(A)(7). Further, there is no indication from the record that appellant will be placed in jeopardy a second time. Therefore, such an issue is not ripe for review at this time.