OPINION *Page 2 
{¶ 1} Myesha Dawn Hawkins appeals from her conviction and sentence in the Montgomery County Common Pleas Court on one count of felonious assault and one count of negligent assault.
 {¶ 2} This appeal arises from an incident on September 10, 2005, where Hawkins stabbed her boyfriend, Garry McCombs, in the abdomen with a knife. Testimony from McCombs at trial indicated that he walked into the kitchen of his and the defendant's apartment on that Saturday after being out drinking and saw Hawkins hitting the floor with a knife. Both McCombs and a paramedic present at the scene testified that McCombs was intoxicated at the time of the incident. According to McCombs, Hawkins was uttering that she was "mad as hell" and that "she couldn't take it anymore." (Tr. at 32.) McCombs further testified that he approached Hawkins in an effort to comfort her and protect her from hurting herself because he believed she was having an anxiety attack. In doing so, he was stabbed in the abdomen. McCombs provided, however, that the couple was not involved in an argument and that Hawkins was not threatening him.
 {¶ 3} Dayton police officers were dispatched to the apartment in response to a 9-1-1 call made by Hawkins. During the call, Hawkins initially stated that her boyfriend, McCombs, just got stabbed and that he had run up on her. However, when asked further who stabbed him, Hawkins admitted that she did because McCombs had been choking her.
 {¶ 4} Officer Andrew Zecchini testified that upon arrival at the apartment, he *Page 3 
encountered Hawkins exiting an elevator in the lobby. He asked Hawkins if she lived in the apartment where the stabbing occurred, to which she stated that she did, and that she was the one who called 9-1-1. Furthermore, Officer Zecchini provided that Hawkins told him she had just stabbed her boyfriend.
 {¶ 5} When the officers opened the door of the apartment, McCombs was standing in the entryway bleeding and holding himself up against a wall. Officer Zecchini testified that he asked McCombs how the injury occurred, to which McCombs replied that he did it to himself, he was to blame, and he stabbed himself with the knife.
 {¶ 6} McCombs was transported to the hospital where he underwent multiple surgeries. As a result of the stabbing, McCombs suffered injuries to his liver, left gastric artery, splenic artery, and left renal artery.
 {¶ 7} Hawkins was indicted by a grand jury on one count of felonious assault under R.C. 2903.11(A)(1) and one count of felonious assault with a deadly weapon under R.C. 2903.11(A)(2). The statute provides:
 {¶ 8} "(A) No person shall knowingly do either of the following:
 {¶ 9} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 10} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 11} Hawkins was tried by a jury in May, 2006. On the defendant's request, the trial court gave the following instruction to the jury considering the lesser included offense of negligent assault:
 {¶ 12} "Lesser included offense. You must further consider the offenses charged in the indictment. If you find that the State proved beyond a reasonable doubt all the *Page 4 
essential elements of the offense of felonious assault, your verdict must be guilty as charged. However, if you find that the State failed to prove beyond a reasonable doubt all the essential elements of a felonious assault, then your verdict must be not guilty of that offense; and in that event you will continue your deliberation to decide whether the State has proven beyond a reasonable doubt all the essential elements of the lesser included offense of negligent assault.
 {¶ 13} "The offense of negligent assault is distinguished from felonious assault by the absence or failure to prove the element `knowingly.' Now, since negligent assault involves negligence, I'm going to define that for you. * * *
 {¶ 14} "If you find that the State proved beyond a reasonable doubt all the essential elements of the offense of negligent assault, your verdict must be guilty of negligent assault. If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of negligent assault, your verdict must be not guilty.
 {¶ 15} "If the evidence warrants it, you may find the defendant guilty of an offense lesser than the charge in the indictment. However, notwithstanding this right, it is your duty to accept the law as given to you by the Court, and if the facts and the law warrant a conviction of the offense charged in the indictment, namely, felonious assault, then it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of an unpleasant duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge, but does not justify a verdict for the lesser offense." (Tr. at 315.)
 {¶ 16} The jury returned a verdict finding Hawkins guilty of felonious assault *Page 5 
under R.C. 2903.11 (A)(1), but not guilty of felonious assault with a deadly weapon under R.C. 2903.11(A)(2). Instead, the jury found Hawkins guilty of the lesser included offense of negligent assault under R.C.2903.14, which provides that "[n]o person shall negligently, by means of a deadly weapon or dangerous ordnance as defined in section R.C. 2923.11
of the Revised Code, cause physical harm to another or to another's unborn."
 {¶ 17} Following the jury's verdict, Hawkins filed a motion for stay of execution and judgment of acquittal. The trial court denied the motion in July, 2006. Hawkins was then sentenced to two years in prison on count one and sixty days in prison on the lesser included offense to run concurrently.
 {¶ 18} Hawkins subsequently filed a timely notice of appeal.
 {¶ 19} On appeal, Hawkins raises the following two assignments of error:
 I. "Whether Defendant's conviction should be overturned because of inconsistent verdicts that thereby violated Defendant's constitutional right to due process under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."
 II. "Whether Defendant's conviction and sentence was supported by sufficient manifest evidence, erroneous as a matter of law, otherwise in violation of Defendant's constitutional right to due process under the Fifth and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution." *Page 6 
 {¶ 20} In her first assignment of error, Hawkins contends that the trial court erred in overruling her post-trial motion for judgment of acquittal where the guilty verdict for felonious assault under R.C.2903.11(A)(1), based on the mental state of knowingly, is logically inconsistent with the guilty verdict for negligent assault, premised on the mental state of negligently.
 {¶ 21} Preliminarily, we note that negligent assault is a lesser included offense of felonious assault with a deadly weapon. SeeState v. McCornell (1993), 91 Ohio App.3d 141, 147, 631 N.E.2d 1110;State v. Morrow, Clark App. No. 2002-CA-37, 2002-Ohio-6527, at ¶ 9. An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988),40 Ohio St.3d 205, 209, 533 N.E.2d 294. "Negligent assault carries a lesser penalty than felonious assault, satisfying the first prong of the test. The onlystatutory difference between felonious assault and negligent assault isthe mens rea necessary to be convicted of the crime. Thus, the second and third prongs of the test are established because the greater offense of felonious assault cannot be committed without the lesser offense of negligent assault also being committed and one element of felonious assault, the `knowingly' element, is not required to prove the lesser offense." (Emphasis added.) State v. Wong (1994), 95 Ohio App.3d 39, 54,641 N.E.2d 1137.
 {¶ 22} Furthermore, it is well established that a charge on a lesser included offense is required only when the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. *Page 7 State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. Here, the trial court pointed out that there was evidence presented at trial to support an acquittal of felonious assault and a conviction of negligent assault. The victim, Garry McCombs, testified that he had been drinking on the day of the incident, thereby affecting his physical means and demeanor. Moreover, he stated that he approached Hawkins, who was holding the knife, in order to protect her, but he wasn't certain how he was stabbed. The first officer on the scene also testified that McCombs told him he was to blame for his injuries. According to the trial court, although the evidence could demonstrate that Hawkins stabbed McCombs, there was an issue for the trier of fact as to whether Hawkins negligently failed to use due care when McCombs approached her. "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given." State v. Wilkins (1980),64 Ohio St.2d 382, 388, 415 N.E.2d 303. Considering the evidence in the light most favorable to the defendant, we agree with the trial court's conclusion and find this evidence sufficient to warrant an instruction on the lesser included offense of negligent assault.
 {¶ 23} Next, courts in Ohio have held on numerous occasions that an inconsistency in a verdict cannot arise from inconsistent responses to different counts. State v. Brown (1984), 12 Ohio St.3d 147, 12 OBR 186,465 N.E.2d 889, syllabus; State v. Hayes, 166 Ohio App.3d 791,2006-Ohio-2359, 853 N.E.2d 368, at ¶ 35. Instead, an inconsistency only arises when a jury gives inconsistent responses to the same count.State v. Washington (1998), 126 Ohio App.3d 264, 276, 710 N.E.2d 307. The Ohio *Page 8 
Supreme Court has explained that "each count in an indictment charges a distinct offense and is independent of all other counts. Following that reasoning, the court found that a jury's decision as to one count is independent of and unaffected by the jury's finding on another account." Id. See, also, Browning v. State (1929), 120 Ohio St. 62,165 N.E.2d 566, paragraph three of the syllabus.
 {¶ 24} Moreover, in the context of inconsistent verdicts of conviction and acquittal, the United States Supreme Court has provided, "The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' "Dunn v. United States (1932),284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, quoting Steckler v.United States (C.A.2, 1925), 7 F.2d 59, 60. In United States v. Powell (1984),469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461, the Court reiterated its holding in Dunn, explaining that inconsistencies between verdicts on separate counts do not necessarily mean that a jury made a mistake. Even if an inconsistency was found to be an error working against a defendant, the Court stated that review is unwarranted, for "an individualized assessment of the reason for the inconsistency would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake." Id. at 66.
 {¶ 25} In the present case, the inconsistency in the verdicts arises from inconsistent responses to different counts. The trial court gave the following instruction to the jury: "If you find that the State proved beyond a reasonable doubt all the essential *Page 9 
elements of the offense of felonious assault, your verdict must be guilty as charged. However, if you find that the State failed to prove beyond a reasonable doubt all the essential elements of a felonious assault, then your verdict must be not guilty of that offense; and in that event you will continue your deliberation to decide whether the State has proven beyond a reasonable doubt all the essential elements of the lesser included offense of negligent assault." (Tr. at 315.) Included with each verdict form for the separate counts was an additional verdict form concerning the lesser included offense, negligent assault.[1] By virtue of the instruction and verdict forms given to the jury, a distinction was made between the two counts of the original offense, essentially creating two tracks from which the jury could consider the elements of negligent assault, the lesser included offense, only after determining that the State did not prove the elements of felonious assault or felonious assault with a deadly weapon. Because the counts were not interdependent of each other, we find Hawkins' argument that the inconsistency between them warrants a reversal of her conviction to be without merit. See State v.Lovejoy (1997) 79 Ohio St.3d 440, 683 N.E.2d 1112 (finding no inconsistency in a verdict arising from separate counts, where the jury was instructed to consider two tracks, and each track contained independent lesser included offenses flowing from the original charge). Accordingly, the first assignment of error is overruled.
 {¶ 26} Under her second assignment of error, Hawkins challenges the sufficiency *Page 10 
and weight of the evidence to support the conviction under count one for felonious assault. Specifically, Hawkins contends that the jury's guilty verdict for the lesser included offense of negligent assault under count two, which requires a finding of the mental state of negligently, demonstrates that the jury failed to determine beyond a reasonable doubt that she committed the stabbing knowingly, the requisite mental state for a conviction of felonious assault.[2]
 {¶ 27} Because we have found that the inconsistency between the verdicts does not arise within a single count, we must analyze Hawkins' second argument only within the parameters of count one and without considering the jury's finding of guilty for negligent assault under count two. Our review, therefore, is limited to whether Hawkins' conviction for felonious assault under 2903.11(A)(1) was based on insufficient evidence and was against the manifest weight of the evidence.
 {¶ 28} When an appellate court reviews the sufficiency of the evidence, the proper inquiry is whether any rational finder of fact, when viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Adrian, 168 Ohio App.3d 300, 2006-Ohio-4143,859 N.E.2d 1007, at ¶ 5, citing State v. Dennis (1997),79 Ohio St.3d 421, 430, 683 N.E.2d 1096. "A guilty verdict will not be disturbed on appeal unless `reasonable minds *Page 11 
could not reach the conclusion reached by the trier-of-fact.' "Dennis, 79 Ohio St.3d at 430 (citations omitted).
 {¶ 29} In contrast, when a party challenges a conviction as being against the manifest weight of the evidence, an appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact `clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "State v.Curran, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, at ¶ 23, quoting State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541. Only in exceptional circumstances should a judgment be reversed as being against the manifest weight of the evidence. Id., citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.
 {¶ 30} Here, the State presented sufficient evidence from which the jury could convict Hawkins of felonious assault. Hawkins' act caused serious physical harm to another, i.e., McCombs, and there is evidence from which the jury could find that Hawkins committed the act knowingly. "Knowledge is a state of mind that must be proved from the surrounding facts and circumstances." State v. Dotson (Nov. 21, 1997), Clark App. No. 97-CA-0071, 1997 WL 822694, at *2. The victim, Garry McCombs, testified that Hawkins had the knife in her hand prior to the stabbing. According to McCombs, when he entered the couple's kitchen, Hawkins was hitting the floor with the knife while simultaneously uttering that she couldn't take it anymore. McCombs further stated that it appeared as if someone had really made Hawkins mad. In addition, *Page 12 
McCombs testified that Hawkins had suffered similar anxiety attacks on previous occasions, and that his response to such attacks was to embrace Hawkins until the attack passed. The State also presented evidence of Hawkins' own admission that she stabbed McCombs — once to the dispatcher during the 9-1-1 call, and once to Officer Zecchini when he met Hawkins in the lobby of the couple's apartment building.
 {¶ 31} To prove the mental state of knowingly, it is irrelevant whether the defendant intended to cause physical injuries. State v.Anderson, Franklin App. No. 06AP-174, 2006-Ohio-6152, at ¶ 43. Instead "knowledge" involves the question of whether an individual is aware that her conduct will probably cause a certain result or will probably be of a certain nature. Id. See, also, R.C. 2901.22(B). From this evidence concerning Hawkins' statements and demeanor, we find that a jury could reasonably have inferred that she was aware that her conduct would probably result in serious physical harm to McCombs.
 {¶ 32} In addition, the State presented substantial evidence demonstrating the magnitude of McCombs' injuries. As a result of the stabbing, McCombs suffered serious injuries to his liver, left gastric artery, splenic artery, and left renal artery.
 {¶ 33} Based on the State's evidence, we conclude that a reasonable trier of fact could have found the essential elements of felonious assault proven beyond a reasonable doubt. Likewise, based on a careful review of the record as a whole, we cannot say that the factfinder lost its way, or that a manifest miscarriage of justice was created that would require reversing the conviction and ordering a new trial. Accordingly, Hawkins' second assignment of error is overruled.
 {¶ 34} Having overruled both assignments of error, the judgment of the trial court *Page 13 
is affirmed.
Judgment affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] As noted above, negligent assault is a lesser included offense of felonious assault with a deadly weapon, pursuant to R.C. 2903.11(A)(2). Therefore, an instruction on negligent assault as a lesser included offense of felonious assault under R.C. 2903.11(A)(1) is not proper. We find, however, that the error in the instruction here did not prejudice the defendant, as the jury returned a verdict of guilty for felonious assault under R.C. 2903.11(A)(1); thus, it never reached the issue of whether the State proved the the elements of negligent assault.
[2] Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." In contrast, "[a] person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist." R.C.2901.22(D). *Page 1