{¶ 49} The majority concludes that Diorio's conviction for possession of criminal tools is against the manifest weight of the evidence because there is not enough evidence in the record supporting the conclusion that he intended to use the money criminally. I must respectfully disagree. The undisputed evidence in this case shows that Diorio was in a location where gambling was taking place, had $1744.00 worth of cash on his person, and threw money on a table where gambling was taking place. These facts are enough to prove that Diorio had the criminal intent necessary to be guilty of possessing criminal tools. Diorio's conviction is supported by the evidence and that conviction should be affirmed.
 {¶ 50} When addressing Diorio's argument about the sufficiency of the evidence supporting this conviction, the majority cites the fact that Diorio threw money on the table as evidence supporting his conviction. Opinion at ¶ 10. However, when addressing Diorio's manifest weight argument, the majority discounts that fact because the trial court found Diorio not guilty of gambling, reasoning that if the trial court had believed this evidence, then it would have found Diorio guilty of both gambling and possession of criminal tools. Opinion at ¶ 14. This line of reasoning is mistaken *Page 11 
because it is trying to ensure that the verdicts on these two separate charges are consistent even though the Ohio Supreme Court has stated that courts should not address the consistency of verdicts on different counts.
 {¶ 51} The Ohio Supreme Court has long held that a verdict will not be set aside merely because the findings necessary to support that conviction are inconsistent with the findings necessary to acquit the defendant of another charge. Browning v. State (1929), 120 Ohio St. 62,71. "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." State v. Lovejoy,79 Ohio St.3d 440, 1997-Ohio-0371, paragraph one of the syllabus; State v.Brown (1984), 12 Ohio St.3d 147, paragraph one of the syllabus;State v. Adams (1978), 53 Ohio St.2d 223, paragraph two of the syllabus, vacated on other grounds (1978), 439 U.S. 811; State v. Hicks (1989),43 Ohio St.3d 72, 78 ("Inconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict of guilt."). "Each count in an indictment charges a distinct offense and is independent of all other counts." State v. Washington (1998),126 Ohio App.3d 264, 276. This principle applies to cases involving both bench and jury trials. See State v. Hayes, 166 Ohio App.3d 791,2006-Ohio-2359, at ¶ 35-36; State v. Smith, 8th Dist. No. 81344, 2003-Ohio-3215, at ¶ 31.
 {¶ 52} In this case, the majority discounts the evidence that Diorio threw money on the table because it believes that giving heed to this evidence would be inconsistent with the verdict rendered on the gambling charge of which Diorio was acquitted. However, we have been instructed by the Ohio Supreme Court to ignore these kinds of concerns when reviewing a defendant's conviction for a particular offense. This evidence, along with the other evidence in the record demonstrates that the fact-finder did not lose its way when it found Diorio guilty of possessing criminal tools and that verdict should be affirmed. *Page 1