OPINION
{¶ 1} Defendant-appellant, Troy Howard, appeals from a judgment of the Franklin County Municipal Court finding him guilty, pursuant to a jury verdict, of aggravated menacing in violation of R.C. 2903.21. Because the jury's inconsistent verdicts to the same count render the verdict invalid, we reverse.
 {¶ 2} By complaints filed October 28, 2006, defendant was charged with one count of aggravated menacing and one count of criminal trespass. Defendant's charges were tried to a jury. Following the close of evidence and the parties' closing arguments, *Page 2 
the trial judge instructed the jury on not only criminal trespass and aggravated menacing, but also the lesser-included offense of menacing. After deliberating, the jury returned verdicts of guilty on both criminal trespass and aggravated menacing, but returned a not guilty verdict on menacing.
 {¶ 3} When the jury returned the verdicts, the trial judge asked the foreperson of the jury why the verdict form for menacing was signed not guilty. The foreperson replied, "We just thought that was the process." (Nov. 22, 2006 Tr. 153.) The trial court continued, asking the foreperson, "Do you find the defendant, and was it the verdict of your jury members, that you found him guilty of aggravated menacing?" Id. When the foreperson replied affirmatively, the trial court stated, "So perhaps you didn't understand the instruction, that if you find him guilty of aggravated menacing, you did not need to go to menacing at all." Id. at 154. Again receiving an affirmative response, the trial court inquired, "Would that be correct, that was a matter of confusion?" Id. The foreperson advised that the court was correct. As a result of its inquiry, the trial court sentenced defendant on the criminal trespass and aggravated menacing charges. Defendant appeals, assigning two errors:
 First Assignment of Error
 The trial court committed reversible error by denying Appellant's motion for judgment of acquittal.
 Second Assignment of Error
 The trial court committed reversible error by denying Appellant's motion for a new trial. *Page 3 
I. First Assignment of Error {¶ 4} In his first assignment of error, defendant contends that since the jury concluded he did not commit the lesser-included offense of menacing, the trial court could not find him guilty of the greater offense of aggravating menacing.
 {¶ 5} In State v. Deem (1988), 40 Ohio St.3d 205, the Supreme Court of Ohio held that "[a]n offense may be a lesser included offense of another if * * * the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed." Id. at paragraph three of the syllabus. Defendant correctly asserts menacing is a lesser included offense of aggravated menacing. In prohibiting menacing, R.C. 2903.22 provides that no one may "knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Aggravated menacing, as defined in R.C. 2903.21, contains the same elements except that the harm involved must be "serious physical harm." Here, the jury's verdict on aggravated menacing is inconsistent with its verdict on menacing, as defendant necessarily committed the lesser-included offense of menacing in order to commit the greater offense of aggravated menacing.
 {¶ 6} Ordinarily, the inability to rationally reconcile inconsistent verdicts to different counts or charges is insufficient ground on which to overturn an otherwise valid conviction. State v. Tanner (Dec. 31, 1991), Franklin App. No. 91AP-263. Likewise, if menacing and aggravated menacing were classified as predicate and compound offenses and charged as separate counts, acquittal on menacing would not justify setting aside the *Page 4 
conviction on the aggravated menacing. United States v. Powell (1984),469 U.S. 57; State v. Washington (1998), 126 Ohio App.3d 264.
 {¶ 7} Defendant's appeal is different than the typical inconsistent verdict case because the inconsistent responses here arise from the same count. Inconsistent responses to different counts of an indictment do not create an inconsistent verdict, but an inconsistent verdict arises out of inconsistent responses to the same count. State v. Brown (1984),12 Ohio St.3d 147, syllabus. The Ninth District thus held that inconsistent responses to the same count require reversal. State v.Bosley (Oct. 7, 1992), Summit App. No. 15547; State v. Elton, Summit App. No. 22446, 2005-Ohio-5179.
 {¶ 8} Bosley is predicated upon a long line of cases dating back toBrowning v. State (1929), 120 Ohio St. 62. In addressing inconsistent responses to different counts, Browning followed the rule set forth inGriffin v. State (1868), 18 Ohio St. 438 that held inconsistent responses to separate counts do not constitute an inconsistent verdict. See, also, State v. Adams (1978), 53 Ohio St.2d 223, 228, vacated on other grounds, 439 U.S. 811. Browning, however, further stated that inconsistent responses to a single count would constitute an inconsistent verdict. Although the statement frequently has been repeated in cases involving inconsistent responses to separate counts, apparently no appellate court in Ohio considered inconsistent responses to a single count until Bosley.
 {¶ 9} We recognize the pronouncement in Browning regarding inconsistent responses to a single count is dicta, but the Supreme Court consistently has restated the proposition. See State v. McNicol (1944),143 Ohio St. 39, 47; Adams, supra; Brown, supra, at 149; State v.Lovejoy (1997), 79 Ohio St.3d 440, 446. In addition, the appellate districts also have frequently referred to the proposition, though none has had occasion to *Page 5 
apply it, apart from the Ninth District in Bosley and Elton, supra.State v. Hawkins, Montgomery App. No. 21691, 2007-Ohio-2979, at ¶ 23, and State v. Rankin, Cuyahoga App. No. 88866, 2007-Ohio-4844, at ¶ 42, most recently cited the proposition, and this court last mentioned it inState v. Garner (June 18, 1998), Franklin App. No. 97APA07-878.
 {¶ 10} Given its consistent and widespread recitation, we administerBrowning, as Bosley did, and conclude the inconsistent responses to aggravated menacing and to menacing in the same count constitute an inconsistent verdict which means the jury's verdict on that count should be set aside. See State v. Horton, Franklin App. 06AP-311,2007-Ohio-4309, at ¶ 60 (noting a court of appeals is bound by and must follow decisions of the Supreme Court of Ohio unless and until they are reversed or overruled); Sanders v. Mt. Sinai Hosp. (1985),21 Ohio App.3d 249, 257 (stating "[intermediate appellate courts should follow prior Supreme Court rulings unless they have good reason to know those rulings no longer apply").
 {¶ 11} The state urges defendant's case is unusual because the trial court addressed the inconsistency in the jury's verdict on the record in an effort designed to discern the jury's intent to convict. If the court's inquiry be proper, then the issue of inconsistent verdicts may be resolved, as the judge's questioning led the jury foreperson to explain that the jury did not intend to acquit on the menacing charge, but so indicated on the completed verdict form only because it misunderstood the process.
 {¶ 12} Accordingly, resolution of defendant's first assignment of error requires that we determine whether the trial court properly could inquire of the jury concerning its verdict. While the trial court's attempt appears reasonable at first blush, it is fraught with *Page 6 
such serious ramifications that we are compelled to conclude the trial court wrongly attempted to rehabilitate the jury's inconsistent verdict.
 {¶ 13} "By the beginning of this century, if not earlier, the near-universal and firmly established common-law rule in the United States flatly prohibited the admission of juror testimony to impeach a jury verdict. See 8 J. Wigmore, Evidence § 2352, pp. 696-697 (J. McNaughton rev. ed. 1961)." Tanner v. United States (1987),483 U.S. 107, 117. Apart from polling the jurors to determine whether each voted in accordance with the respective signatures on the verdict form, the necessity of shielding jury deliberations from public scrutiny generally prohibits inquiry into the jury's verdict from the court or the parties to the case. Id. at 119, citing McDonald v. Pless (1915), 238 U.S. 264,267-268
 {¶ 14} Thus, "[i]n general, `we do not permit jurors to impeach their own verdicts.' United States v. Lloyd, 269 F.3d 228, 237 (3d Cir.2001)."United States v. Flemming (C.A.3, (Virgin Islands) 2007), 223 Fed.Appx. 117, 124. The "rule is intended to `promote finality of verdicts, encourage free deliberation among jurors, and maintain the integrity of the jury as a judicial decision-making body.' " Id. Nonetheless, "because `[a] criminal defendant is entitled to a determination of his or her guilt by an unbiased jury based solely upon evidence properly admitted against him or her[,] * * * a court may inquire into the verdict if extraneous prejudicial information was improperly brought to the jury's attention or [if] any outside influence was improperly brought to bear upon any juror.' " Id. (concluding Fed.R.Evid. 606[b] bars the trial court from inquiring into a juror's alleged misunderstanding of the burden of proof).
 {¶ 15} Because nothing suggests outside influence on the jury led to the verdict here, the trial court was not free to accept the foreperson's representation that the guilty *Page 7 
verdict on the menacing charge was the result of jury confusion or misunderstanding. Instead, when faced with facts like those here, the trial court's "remedy" is to return the matter to the jury for further deliberations. For example, when jurors in City of Cleveland v.Walters (1994), 98 Ohio App.3d 165, 170 objected that due to a clerical or procedural error the wrong jury form was read in court, the appellate court concluded the trial court should have directed the jury to deliberate further in order to resolve the error. Similarly, in the civil realm, Civ.R. 49(B) does not provide that an inconsistency between interrogatories and the general verdict opens the door for either the court or counsel to inquire, but rather allows the trial court to either enter judgment notwithstanding the general verdict, return the jury for further consideration of its answers and verdict, or order a new trial. So too here, the trial court at most could have returned the matter to the jury to address the inconsistent verdict in light of the court's previous instructions to the jury. See Long v. Cassiero (1922),105 Ohio St. 123, 126 (noting that "a juror cannot impeach his signed verdict by an affidavit that it was rendered through a misunderstanding of the charge," but "the court may, before the discharge of the jury, amend the verdict with its consent").
 {¶ 16} The rationale for limiting intrusion on the jury's deliberations is sound, as evidenced in defendant's case. Although the trial court attempted to neutrally present the matter to the foreperson, the questions were suggestive of the answer the court expected to receive. As a result, the questions and answers are problematic to our ascertaining whether the foreperson responded with an accurate account of the jury's intent or instead agreed with the judge and the position of authority the judge occupied in the courtroom. *Page 8 
 {¶ 17} Moreover, questioning like that conducted in this case naturally prompts a defendant, though not defendant here, to seek to follow up on the court's questions to determine that the court's inquiry adequately explored the inconsistent verdicts. Such interrogation flies in the face of long-standing principles that protect the jury from revealing the nature of its deliberations. See Hardy v. Osborn (1988),54 Ohio App.3d 98 (concluding a juror cannot testify or provide an affidavit about the effect of the court's instructions upon the jurors' minds upon an inquiry into the validity of a verdict even with related evidence aliunde); Evid.R. 606 (stating that "[u]pon an inquiry into the validity of a verdict * * *, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict * * * or concerning his mental processes in connection therewith").
 {¶ 18} Because in its inquiry into the validity of the jury's verdict the trial court elicited information concerning the juror's misunderstanding or confusion about the court's instructions to the jury, the court erred. Because the court's inquiry, though well-intentioned, was improper, the verdict must be reversed underBrowning and its progeny. Accordingly, defendant's first assignment of error is sustained.
II. Second Assignment of Error {¶ 19} In his second assignment of error, defendant contends that he should be granted a new trial on the basis of the jury's confusion about the verdict. Because we have found the inconsistent verdict invalid pursuant to Browning, defendant's second assignment of error is moot. Although the issue of double jeopardy arose during oral *Page 9 
argument in this appeal, it is not part of the assigned errors, and the parties did not brief it. We thus do not address it.
 {¶ 20} Having sustained defendant's first assignment of error, rendering his second assignment of error moot, we reverse the aggravated menacing conviction and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
 BROWN and TYACK, JJ., concur. *Page 1